**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRES JOSE TEJEDA MONTILLA, | : | |
| Petitioner, | : | No. 26-cv-5574-JMY |
| | : | |
| vs. | : | |
| | : | |
| JAMISON J.L., Warden, Federal Detention | : | |
| Center, Philadelphia, *et al.* | : | |
| Respondents. | : | |

## <u>ORDER</u>

**AND NOW**, this 10th day of August 2026, upon consideration of the Petition for Writ of

Habeas Corpus (Petition, ECF No. 1), and the Government's Response in Opposition to Petition

for Writ of Habeas Corpus (ECF No. 3), it is hereby **ORDERED** that the Petition is **GRANTED**

as follows.

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Petitioner from custody immediately and

certify compliance with the Court's Order by filing an entry on the docket no later than **5:00**

**p.m. ET on Thursday, August 13, 2026**;

3.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his

request, where an Immigration Judge shall determine whether detention is warranted pending the

resolution of his removal proceedings;

4.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of

Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the

Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.      The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1]  Petitioner, Andres Jose Tejeda Montilla, was born in the Dominican Republic. (Petition ¶ 19.)  Petitioner avers that he entered the United States in 2022 after fleeing the Dominican Republic.  (*Id.* ¶¶ 1, 19.)  Petitioner further avers that upon entering the United States, he turned himself in at a port of entry where he was detained by agents working for the Department of Homeland Security (DHS) who told Petitioner that removal proceedings would be instituted against him.  (*Id.* ¶¶ 19-20.)  Shortly, thereafter, he was granted parole and went on to live in Pennsylvania.  (*Id.*)

Petitioner is allegedly married to a United States Citizen, and he has a stepson who is also a United States Citizen.  Petitioner purports to be a contributing member of the local community with no criminal history.  (*Id.* ¶ 21.)  As a condition of his parole, Petitioner was required to attend scheduled appointments with Immigration and Customs Enforcement (ICE).  (*Id.* ¶¶ 20-21.)  Petitioner alleges that he complied with all conditions placed upon him in connection with his parole, and he avers that he attended all scheduled appointments with ICE.  (*Id.*)

Agents working with DHS scheduled Petitioner for a meeting at the Philadelphia field office which took place on or about August 4, 2026.  (*Id.* ¶ 22.)  During the August 4, 2026, appointment, agents took Petitioner into custody with no prior notice or opportunity to contest his detention.  (*Id.*)  DHS is purportedly holding Petitioner under its revised interpretation of the immigration detention statues – specifically, its interpretation that all noncitizens who have not been "admitted," 8 U.S.C. § 1101(a)(13)(A), are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*Id.* ¶¶ 2, 23; Response in Opposition; ECF No. 3.)  Petitioner is now currently in the physical custody of Respondents.  (Response in Opposition.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years.  (Petition ¶ 3.)  Petitioner alleges that prior to being detained, he had lived in the United States for over three years.  (*Id.* ¶¶ 3, 6, 44.)  The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Response in Opposition page 2

2

(referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).